NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEVIN ADONAY CHICAS CLAROS,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-71571

Agency No. A206-270-678

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 26, 2020[**]

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Kevin Adonay Chicas Claros, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT"). We have jurisdiction under 8 U.S.C. §1252. We review for substantial

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

Chicas Claros' request to remand and terminate proceedings for lack of jurisdiction is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 894-95 (9th Cir. 2020) (notice to appear need not include time, date, or place of initial hearing to vest jurisdiction in the immigration court).

The agency found that Chicas Claros failed to establish past harm rising to the level of persecution. Substantial evidence does not support that determination. *See Ruano v. Ashcroft*, 301 F.3d 1155, 1160 (9th Cir. 2002) (threats coupled with close confrontation by armed men rose to the level of persecution). Thus, we grant the petition for review as to Chicas Claros' asylum and withholding of removal claims, and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because Chicas Claros failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

19-71571

Chicas Claros' removal is stayed pending a decision by the BIA.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**